THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Jeremiah Prince
 Moultrie, Appellant.
 
 
 
 
 

Appeal From Richland County
 J. C. "Buddy" Nicholson, Jr.,
Circuit Court Judge

Unpublished Opinion No. 2010-UP-470
 Submitted October 1, 2010  Filed October
28, 2010    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Deborah R. J. Shupe, and
 Solicitor Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Jeremiah
 Prince Moultrie appeals his conviction for failure to register as a sex
 offender, second offense.  We affirm.[1]    
In 2006, Moultrie was
 convicted of failure to register, first offense, and indecent exposure.  Prior
 to Moultrie's release from prison, a caseworker for the South Carolina Department
 of Corrections (the Department) verbally informed Moultrie that he must
 register with the Sheriff's Department in the county where he would live within
 twenty-four hours of his release.  The caseworker also provided Moultrie with
 the standard sex offender registration paperwork.  It provided, "Persons
 being released from the [Department] . . . at the completion of their sentence
 . . . MUST register with the Sheriff of the county in which he intends to
 reside within one (1) business day of his sentencing."  
Moultrie argues the trial
 court erred in denying his motion for a directed verdict because he did not
 receive adequate written notice regarding the sex offender registry requirements.
 Specifically, Moultrie notes the paperwork provided by his caseworker was
 inadequate because it incorrectly provided that he was required to register
 within one business day of his sentencing.  We disagree.
Section 23-3-440(1) of the South Carolina Code (2007) requires
 the Department to "provide verbal and written notification to the
 offender that he must register with the sheriff of the county in which he
 intends to reside within one business day of his release."  (emphases
 added).    Further, section 23-3-480(A) of the South Carolina Code (2007)
 states a person will have actual notice of the duty to register if arrested on
 charges of failure to register.  
Here, Moultrie had actual
 notice of his duty to register because he was convicted of failure to register
 in 2006.  Moreover, Moultrie received
 both written and verbal notice of the registration requirement.  Moultrie's
 caseworker testified he verbally informed Moultrie of this registration
 requirement prior to his release.  Furthermore, the caseworker provided Moultrie
 with paperwork, which set forth the registration requirements.  Although the
 paperwork contained a scrivener's error regarding the time in which Moultrie
 was required to register, the paperwork did notify Moultrie he was required to
 register.  Furthermore, the paperwork referenced section 23-3-440.   
AFFIRMED.
WILLIAMS, PIEPER, and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.